United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCO BRANDS, INC. d/b/a KENSINGTON TECHNOLOGY GROUP,<br><br>Plaintiff,<br><br>v.<br><br>PC GUARDIAN ANTI-THEFT PRODUCTS, INC., et al.,<br><br>Defendants. | No. C 04-03526 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS** |

Now before the Court is defendant's motion to stay proceedings in this matter pending reexamination of the patent at issue, U.S. Patent No. 6,553,794 ("the '794 patent"), by the Patent and Trademark Office ("PTO"). Having considered the moving papers of the parties, and for good cause appearing, the Court GRANTS defendant's motion. This matter is STAYED until further order of the Court.

District courts have an inherent power to stay litigation pending the outcome of a PTO reexamination proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). "A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *In re Cygnus Telecomm. Tech. LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).").

The unique circumstances of this case lead the Court to conclude that the PTO's reexamination of the '794 patent would be extremely helpful. As discussed in prior orders of this Court, the Young patent[1] was found to limit one of plaintiff's patents that is related to the '794 patent, U.S. Patent No. 5,502,989 ("the '989 patent"), but was not disclosed to the PTO during prosecution of the '794 patent. This Court therefore lacks the PTO's input on the question whether the Young patent should have the same limiting effect on the '794 patent as it did on the '989 patent, which is one of the central issues in this case.

Resolution of this thorny issue will be of great assistance to the Court. Further, the Court believes that the PTO's expertise makes it the proper body to consider this issue in the first instance. Regardless of the outcome of the reexamination procedure, the PTO's opinion will undoubtedly help the Court focus on the pertinent issues. Finally, given the complex relationship of the Young patent to the '794 patent, the Court finds that the benefit of reexamination substantially outweighs any prejudice to plaintiff that might result from a stay during reexamination.

Accordingly, the Court GRANTS defendant's motion to stay proceedings. This matter is STAYED until further order of the Court. **The parties shall contact the Court within 30 days of the PTO's decision whether to conduct a reexamination.**

**IT IS SO ORDERED.**

Dated: January 19, 2006

SUSAN ILLSTON
United States District Judge

---

[1] The Young patent is U.S. Patent No. 2,530,560.

2