**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ACCO BRANDS, INC.,                               No. C 04-03526 SI

          Plaintiff,                          **ORDER DENYING DEFENDANTS'
MOTION FOR LEAVE TO AMEND**

  v.

PC GUARDIAN ANTI-THEFT PRODUCTS,
INC., et al.,

          Defendants.
                                       /

Defendants have filed a motion for leave to amend their answer to add declaratory judgment claims on two patents. Hearing on the motion is currently scheduled for March 16, 2007. The Court finds this matter suitable for resolution without oral argument, and pursuant to Local Rule 7-1(b), hereby VACATES the hearing. Having considered the briefs submitted, and for good cause shown, the Court DENIES defendants' motion for leave to amend.

**BACKGROUND**

Plaintiff, ACCO Brands, Inc. d/b/a Kensington Technology Group ("ACCO"), is the owner of several patents which cover devices for attaching a lock to a portable computer. Two of these patents – U.S. Patent Nos. 6,553,794 ("the '794 patent") and 5,502,989 ("the '989 patent") – are the subject of lawsuits brought by plaintiff in this Court. These patents are very closely related; both derive from the same application, U.S. App. Ser. No. 138,634 (filed October 15, 1993). The '989 patent claims a device, while the '794 patent claims a method.

Defendants PC Guardian Anti-Theft Products, Inc. and Fellowes, Inc. (collectively, "PC

Guardian"), are the makers of the Notebook Guardian line of locks for laptop computers. In 2000, ACCO brought suit against PC Guardian, claiming that the Notebook Guardian infringed the '989 patent. This Court ultimately granted summary judgment for PC Guardian. *See ACCO Brands, Inc. v. Micro Security Devices, Inc.*, No. C 00-2296 SI (N.D. Cal. Jul. 23, 2002). In 2004, ACCO filed the instant suit, claiming that PC Guardian's product infringes the '794 patent. PC Guardian denies infringement and claims that the '794 patent is unenforceable because ACCO committed inequitable conduct before the Patent & Trademark Office ("PTO").

## I. Prosecution of the '794 Patent

PC Guardian's claims of inequitable conduct stem from ACCO's failure to disclose U.S. Patent No. 2,530,560 ("the Young patent") in prosecuting the '794 patent. PC Guardian bases this argument on the important role that the Young patent played in a reexamination of the '989 patent.

After the prosecution of the '989 patent, the primary examiner, Darnell Boucher, conducted a reexamination of a number of claims of the patent. She rejected several of these claims because they were anticipated by the Young patent. Examiner Boucher later reconsidered this rejection, allowing the claims because Young "fails to teach a pin coupled through the house which extends into the security slot *after* the slot engagement member is in the locked position." Defendants' Mot. for Summary Judgment, Exh. C, at 16 (emphasis added). This determination by Examiner Boucher would later play a key role in the patent infringement action that ACCO brought against PC Guardian (then named Micro Security Devices) for infringement of the '989 patent. In affirming this Court's Order granting summary judgment to PC Guardian on the issue of infringement, the Federal Circuit relied on Examiner Boucher's determination: "the examiner and the applicant understood that the pin extends (actively) into the slot *after* rotation." *ACCO Brands, Inc. v. Micro Security Devices, Inc.*, 346 F.3d 1075, 1079 (Fed. Cir. 2003) (emphasis added).

Despite the fact that the Young patent was playing such a fundamental role in litigation over the '989 patent throughout the time that the '794 patent was being prosecuted, it is undisputed that ACCO never revealed the Young patent to the PTO in its prosecution of the '794 patent.

**II.     The staying of this action**

On January 19, 2006, this Court issued a stay of this action, pending reexamination of the '794 patent by the PTO. The Court determined that the PTO's reexamination of the '794 patent would be extremely helpful to resolving the issues in this case. As discussed, the Young patent was found to limit the '989 patent, but was not disclosed to the PTO during prosecution of the '794 patent. This Court therefore lacks the PTO's input on the question of whether the Young patent should have the same limiting effect on the '794 patent as it did on the '989 patent, which is one of the central issues in this case. The Court thus stayed this action, because regardless of the outcome of the reexamination procedure, the PTO's opinion will undoubtedly help the Court focus on the pertinent issues.

**III.    Related actions in other districts**

There are three lawsuits ("ACCO I," "ACCO II," and "ACCO III") pending before Judge James Zagel in the Northern District of Illinois related to ACCO's computer security lock patents. Plaintiffs filed ACCO I on March 13, 2003, asserting infringement of patents '557[1] and '989[2] against three defendants. Currently pending before Judge Zagel is ACCO's motion for leave to add patents '403[3] and '479[4] to the ACCO I lawsuit.

On December 22, 2006, ACCO filed ACCO II, asserting infringement of the '403 and '125[5] patents against numerous defendants, including PC Guardian. On February 15, 2007, PC Guardian filed a motion with Judge Zagel to sever and transfer the claims against it to this Court, under 28 U.S.C. § 1404. Though unclear, it appears that PC Guardian has not yet filed an answer or any counterclaims.

ACCO is a defendant in ACCO III, which was brought as a declaratory judgment action in the Southern District of New York. On ACCO's motion, the court transferred ACCO III to the Northern

---

[1] U.S. Patent No. 6,006,557

[2] U.S. Patent No. 5,502,989

[3] U.S. Patent No. 7,100,403

[4] U.S. Patent No. 7,111,479

[5] U.S. Patent No. 7,122,125

3

District of Illinois. ACCO III involves declaratory judgment claims of invalidity of the '403 and '479 patent, along with other claims.

Here, defendant PC Guardian seeks leave to amend its answer in the '794 patent suit to add declaratory judgment claims regarding the '403 and '125 patents.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendment of the pleadings. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be very generous in granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

However, there are several accepted reasons to deny leave to amend, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint. *See Ascon Properties*, 866 F.2d at 1160; *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809 (9th Cir. 1988). Courts do not ordinarily consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, but leave may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Under the Declaratory Judgment Act, federal courts have "unique and substantial discretion" to decide whether or not to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.

Where two lawsuits involving the same patents are pending in multiple venues, as a "general

4

rule," the Federal Circuit gives preference to the venue in which the lawsuit is first filed. *Serco Servs. Co., L.P. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995). Under the "first-to-file" rule, a district court has discretion to "transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).

**DISCUSSION**

As discussed, leave to amend may be denied where amendment would be futile. Here, defendants seek to amend their answer to plaintiff's '794 patent infringement claim, to add claims for declaratory judgment on the '125 and '403 patents. For the following reasons, such amendment would be futile, and leave is therefore DENIED.

The parties' dispute over the '125 and '403 patents is already pending before Judge Zagel in the Northern District of Illinois. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice," Judge Zagel has full discretion to transfer the '125 and '403 patent claims to this district. As mentioned, defendants' motion requesting that Judge Zagel do so is currently pending. Furthermore, under the first-to-file rule, Judge Zagel has the discretion to "transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade*, 946 F.2d at 623; *see also Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) ("We prefer to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise."). Defendants here argue that the '125 and '403 patent claims were first filed in this Court, because they substantially relate to the '794 patent action.[6] Defendants have presumably argued the same to Judge Zagel.

Should Judge Zagel deny defendants' request to transfer the plaintiff's '125 and '403 patent infringement claims to this Court, plaintiff's claims would proceed in the Northern District of Illinois. Defendants would file an answer to plaintiff's complaint, and would presumably assert the same counterclaims that it wishes to add here. "[C]onsiderations of practicality and wise judicial

---

[6]Though the parties extensively argue the first-to-file issue here, the Court need not, and does not, decide this issue.

administration" would mandate that this Court not duplicate the proceedings before Judge Zagel, involving the same parties and patents. *Wilton*, 515 U.S. at 288. This Court would therefore exercise its discretion under the Declaratory Judgment Act and dismiss the declaratory judgment claims defendants here seek to add. *See id.*

Alternatively, should Judge Zagel grant defendants' request to transfer the '125 and '403 patent claims to this Court, defendants could then assert their declaratory judgment claims as counterclaims. In either case, amendment of the '125 and '403 declaratory judgment claims to the '794 patent action would be futile and unnecessary. The Court therefore DENIES defendants' motion for leave to amend. *See Ascon Properties*, 866 F.2d at 1160.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion for leave to amend their answer. (Docket No. 69)

**IT IS SO ORDERED.**

Dated: March 13, 2007

SUSAN ILLSTON
United States District Judge

6