HENRY C. BUNSOW (State Bar No. 60707)
K.T. CHERIAN (State Bar No. 133967)
BRIAN A.E. SMITH (State Bar No. 188147)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone:  (415) 848-4900
Facsimile:   (415) 848-4999

Attorneys for Plaintiff
ACCO BRANDS, INC. d/b/a KENSINGTON TECHNOLOGY GROUP

John M. McCormack (State Bar No. 143194)
Elizabeth A. Tedesco (State Bar No. 221162)
KOLISCH HARTWELL, P.C.
260 Sheridan Avenue, Suite 200
Palo Alto, California 94306
Telephone: (650) 325-8673
Facsimile: (650) 325-5076

Attorneys for Defendants
PC GUARDIAN ANTI-THEFT PRODUCTS, INC. and FELLOWES, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCO BRANDS, INC.,<br>               Plaintiff,<br>    v.<br>PC GUARDIAN ANTI-THEFT PRODUCTS, INC. and FELLOWES, INC.,<br>               Defendants. | No. 04-03526 SI<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

Page 1— STIPULATED PROTECTIVE ORDER
       Case No. 04-03526 SI

DM_US:21004106_1

1. **Proceedings and Form of Information Governed**

This Protective Order governs any document or things, or portion thereof, information, or any other form of evidence or discovery contemplated under Rules 26 to 37 and 45 of the Federal Rules of Civil Procedure which is designated as "confidential information" as that term is defined in this Protective Order, and is furnished by any Party or nonparty to any Party in connection with this action. Any document or form of evidence or discovery, or portion thereof, contemplated by the Federal Rules of Civil Procedure including, but not limited to, documents and tangible things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, and compilations thereof, may be designated as "confidential information."

2. **Definition of Confidential Information**

a. The term "confidential information" shall be interpreted to mean information that is confidential and/or proprietary to one of the Parties or to the producing person, including any trade secret or other confidential research, development, or commercial information. Research, development, and commercial information may not be considered "confidential" for purposes of this Protective Order if it is (1) generally known, or (2) has been supplied to another Party who was not under a legal obligation to maintain the confidentiality of the information.

b. This Protective Order includes not only those items or things that are expressly designated as "confidential information," but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

c. By entering this Protective Order, this Court is making no finding whether or not any information that a producing party may designate as "confidential information" under this Protective Order qualifies as a trade secret under the California Uniform Trade Secrets Act (Civ.C. §3426) or any other applicable trade secret statutes.

3. **Designation of Confidential Information**

a. Any information produced in this action that is reasonably believed by a Party or the producing person to contain "confidential information" may be designated by the Party or the producing person as CONFIDENTIAL or HIGHLY CONFIDENTIAL -ATTORNEY'S EYES ONLY, as appropriate.

b. A Party or producing person shall designate information as HIGHLY CONFIDENTIAL –ATTORNEY'S EYES ONLY only when the designating Party or person in good faith believes broader disclosure of the "confidential information" will harm its competitive position if known by a Party or person other than the designating Party or person.

Page 2— STIPULATED PROTECTIVE ORDER
         Case No. 04-03526 SI

c. The existence of this Protective Order shall be disclosed to any person producing documents or tangible things, or testimony, in this action who may reasonably be expected to desire confidential treatment for such documents or tangible things, or testimony. Any such person, or any Party, may designate appropriate documents or tangible things, or testimony, produced by such person as "confidential information."

d. The designation of "confidential information" shall be made at the following time:

i. for documents and tangible things, at the time of the production of the documents or things for inspection pursuant to Rule 34(b) of the Federal Rules of Civil Procedure. If a producing person or Party elects to produce documents and tangible things for inspection pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, then no designation need be made prior to the inspection, and all such documents and tangible things shall be considered HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY until such time as copies of such documents or things are produced to the receiving Party and are not so designated;

ii. for written responses to interrogatories or requests for admissions, at the time of the written response;

iii. for declarations and pleadings, at the time of the filing of such declaration or pleading (*see* ¶ 9(d)); and

iv. for deposition testimony, at the time of the testimony (*see* ¶ 9(b)) or in writing within ten (10) business days after receipt by the designating Party of the transcript of the deposition.

e. The designation of "confidential information" shall be made in the following manner:

i. for documents, by placing a legend on each page of each such document;

ii. for tangible objects, by placing a label or tag on the object or the container therefore or, if not practicable, as otherwise agreed:

iii. for written responses to interrogatories or requests for admissions, on the face of any such responses;

iv. for declarations or pleadings, on the face of any such declaration or pleading;

v. for depositions, following the procedure set forth in Paragraph 9(b) or in writing within ten (10) business days after receipt by the designating Party of the transcript of the deposition; and

Page 3— STIPULATED PROTECTIVE ORDER
    Case No. 04-03526 SI

DM_US:21004106_1

    vi. for material produced in electronic format, by placing a label on the CD or other media containing the material.

  f. It shall be the duty of the Party or person seeking protection of "confidential information" to identify those materials and testimony that are to be considered "confidential information" to the receiving Party.

  g. Each Party retains the right subsequently to redesignate documents and to require such redesignated documents to be treated in accord with such redesignation from the time the receiving Party is notified in writing of the redesignation.

  h. The inadvertent or unintentional disclosure of "confidential information" by the designating Party or person, regardless of whether the information was designated "confidential information" at the time of disclosure, shall not be treated as a waiver in whole or in part of a designating Party's or person's claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or a related subject.

  i. Should a receiving Party determine that a document subject to privilege or immunity from discovery has been produced inadvertently, the receiving Party shall bring it to the attention to the producing Party or person within fourteen (14) days of the date on which the producing Party or person becomes aware of the inadvertent production. The inadvertently disclosed documents and all copies shall be returned promptly to the producing Party or person. Such inadvertent disclosure shall not result in the waiver of any associated privilege. Nothing in this paragraph limits the right of any Party to object to the assertion of the privilege.

  j. In the event that a person, other than a Party, produces documents or information that a Party reasonably believes is protected from discovery, in whole or in part, by the attorney-client privilege, the work product doctrine, or other applicable privilege, the Parties shall not be deemed to have waived the applicable privilege(s), so long as the Party claiming a privilege provides written notice of its claim of privilege in the produced documents or information within fourteen (14) days of the date on which it becomes aware of the production. Upon receipt of such notice, all receiving Parties shall return the purportedly privileged documents or information to the party claiming the privilege, and destroy any copies of the purportedly privileged documents. The Parties agree to refrain from taking the position that the documents or information are not privileged on the ground that they were produced in this action. Nothing in this paragraph limits the right of any Party to object to the assertion of the privilege.

  k. In the event that a Party reasonably believes a non-party may be in possession of that Party's privileged or "confidential information," that Party may request that any documents or information provided by that non-party be temporarily treated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY by serving a written notice of that claim on all other Parties. This temporary designation shall last fourteen (14) days and at the expiration of that fourteen-day

Page 4— STIPULATED PROTECTIVE ORDER
  Case No. 04-03526 SI

period, the non-party's documents and information will be treated as non-confidential, unless the producing person or a Party designates the documents or information as "confidential information" under this Protective Order.

4. **Use Of "Confidential Information" Generally**

a. Information designated as "confidential information" obtained pursuant to discovery in this action shall be subject to this Protective Order. Such "confidential information" may be used only for purposes of preparation, trial, and appeal of this action, and may not be used for any other litigation or business, commercial, competitive, personal, or other purpose whatsoever. Such "confidential information" shall be held in confidence by each person to whom it is disclosed, and may not be disclosed to any person or entity, except as permitted by this Protective Order. All produced "confidential information" shall be carefully maintained by the receiving Party in secure facilities and access to such "confidential information" shall be permitted only to persons having access thereto under the terms of this Protective Order.

b. "Confidential information" shall be kept to a level of confidentiality, as designated by the designating Party, as set forth in 3(a) and (b).

5. **Resolution Of Disputes Regarding Designation Of "Confidential Information"**

a. A Party shall not be obligated to challenge the propriety of a confidential designation and a failure to do so shall not preclude a subsequent challenge of the propriety of such designation.

b. In the event that any Party disputes the designation of "confidential information," such Party shall so inform the designating Party by written notice, and the Parties shall meet and confer in a good faith effort to resolve the dispute.

c. In the event that the Parties are unable to resolve a dispute regarding designation of "confidential information" as HIGHLY CONFIDENTIAL, the Party disputing the designation may request appropriate relief from the Court. The burden of establishing that information has been properly designated as "confidential information" is on the Party making such designation. This Protective Order does not alter the burden imposed by law on any Party seeking to uphold any limitation on the production or dissemination of materials.

d. In the event that the Parties are unable to resolve a dispute regarding designation of "confidential information" as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, the Party disputing the designation may request appropriate relief from the Court. The burden of establishing that information has been properly designated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, is on the party making such designation. This Protective Order does not alter the burden imposed by law on any Party seeking to uphold any limitation on the

Page 5— STIPULATED PROTECTIVE ORDER
      Case No. 04-03526 SI

production or dissemination of materials. In connection with a dispute, any such document designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be submitted to the Judge (or Magistrate Judge) for *in camera* review if the Court so requests.

e. Counsel for a non-designating Party shall have the right to assert that any information designated confidential is, in fact, in the public domain. Any information which, prior to its disclosure under Protective Order, is either in the possession or knowledge of a nondesignating Party or person who, absent this Order, is under no restriction with respect to the dissemination of such purported confidential information, or is public knowledge or, which, after disclosure, becomes public knowledge other than through an act or omission of a Party receiving the information designated as confidential, shall be deemed to be in the public domain. A nondesignating Party or person asserting that designated "confidential information" is in the public domain shall, prior to any disclosure of such information (other than as provided by this Order), either obtain the written approval of the designating Party, or the approval of the Court to make such disclosure.

f. If a non-designating Party challenges the confidentiality or designation of information produced pursuant to this Order, the designating person or Party shall have the burden of establishing the confidential nature of the material and/or the proper categorization thereof. The challenged designation shall remain in effect unless and until amended by order of the Court or agreement of the designating Party.

6.    **Access to CONFIDENTIAL Information**

a. Access to "confidential information" designated CONFIDENTIAL shall be limited to the following "Qualified Persons."

i. The outside attorneys of record in this action, specifically limited to the attorneys of record at the law firms of Howrey LLP and Kolisch Hartwell, P.C., and their respective employees and staff who are responsible for assisting in the preparation, trial, or appeal of this action, are Qualified Persons. Before any such person is permitted access to any of the "confidential information," such person shall be informed of the existence and contents of this Protective Order.

ii. Members of organizations retained by the outside attorneys of record to provide litigation support services in this action are Qualified Persons. Before any such person is permitted access to any of the "confidential information," such person shall be informed of the existence and contents of this Protective Order, and shall agree to comply with its terms.

iii. Independent experts and independent consultants (collectively, "experts") retained in this action by the outside attorneys of record, in so far as the attorneys of record may deem it necessary for the preparation, trial, or appeal of this case to consult

Page 6— STIPULATED PROTECTIVE ORDER
        Case No. 04-03526 SI

DM_US:21004106_1

with such experts are Qualified Persons, provided that any such actual or contemplated expert is not otherwise employed in any capacity by any of the Parties (including their affiliates, predecessors-in-interest, or successors-in-interest) hereto or their respective counsel. Any expert must agree to be bound by the confidentiality restrictions contained in this Protective Order and acknowledge that such confidentiality restrictions shall bind the expert in all future employment by other entities. Before any such expert is permitted access to any of the "confidential information," the following three conditions must be met: first, such expert must be informed of the existence and contents of this Protective Order, and the conditions set forth in Paragraph 8 of this Protective Order must be fulfilled, second, the expert must be identified to opposing counsel and the acknowledgement form signed by the expert must be sent promptly to all counsel of record and, third, opposing counsel will have ten (10) business days after receipt of the expert's identity and signed acknowledgment to object in good faith, in writing, to disclosure of "confidential information" on the basis that disclosure of "confidential information" to the proposed expert would result in material risk of disclosure or misuse of the "confidential information." If such objection is made, the disclosure shall not be made until the objection is resolved in Court or otherwise. Notwithstanding any of the foregoing, the Parties may petition the Court for leave to retain an expert who is otherwise disqualified by the provisions of this Paragraph, petition the Court for disqualification of an expert who is not otherwise disqualified by the provisions of this Paragraph, and petition the Court to condition an expert's engagement in a manner not otherwise provided for, or otherwise contemplated, by this Protective Order.

     iv. In-house counsel of the receiving Party who are actively engaged in the management or conduct of this case and their supporting staff are Qualified Persons. Before any such person is permitted access to any of the "confidential information," such person shall be informed of the existence and contents of this Protective Order.

     v. The following owners, employees, or agents of the Parties are Qualified Persons: Boris Elisman, Steven Rubin, Dan Walk, Janet Dulsky, and Joe McCabe, Steve Carson, Ann Laurenson, and Noah Groth. Before any such person is permitted access to any of the "confidential information," such person shall be informed of the existence and contents of this Protective Order. In the event that one of the above persons ceases to be an owner, employee, or agent of a Party, as the case may be, that Party may designate a replacement owner, employee, or agent as a Qualified Person.  Prior to making any disclosure of "confidential information" to the designated replacement, the Party shall provide notice of the substitution in writing to the other Parties. Any other Party may object to the substitution pursuant to the procedure set forth in Paragraph 6(a)(iii) of this Protective Order relating to experts.

     vi. Court officials involved in this litigation (including court reporters, persons operating video recording equipment, and any special master appointed by the Court) are Qualified Persons.

Page 7— STIPULATED PROTECTIVE ORDER
    Case No. 04-03526 SI

DM_US:21004106_1

vii. Such other persons as hereafter may be designated by prior written agreement of the Parties in this action or by order of the Court are Qualified Persons. Before any such person is permitted access to any of the "confidential information," such person shall be informed of the existence and contents of this Protective Order.

viii. Michael V. Ward, General Counsel, Kensington Computer Products Division & Senior Corporate Counsel, ACCO Brands Corporation.

b. All materials containing "confidential information" marked CONFIDENTIAL shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

7. **Access To CONFIDENTIAL – ATTORNEY'S EYES ONLY Information**

a. Access to information marked HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be limited to the "Qualified Persons" identified in Paragraph 6(a)(i), (ii), (iii), (vi), (vii), and (viii).

b. All materials containing "confidential information" marked HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order. Under no circumstances is information marked HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY to be maintained on the premises of the Parties to this action.

c. Any Qualified Person (as defined in Paragraph 7(a) but excluding Qualified Persons identified in Paragraph 6(a)(i)), who is in-house counsel of the receiving Party and who receives information designated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY shall not participate in any way, directly or indirectly, in the prosecution or support of the prosecution of any patent application, *ex parte* reexamination, *inter partes* reexamination other than between ACCO and PC Guardian, or reissue of a patent in the field of computer security locks for a period of three years after that person's last review of the designated information or from the termination of the litigation, whichever is earlier, or as otherwise agreed to by the Parties. This provision shall not prevent participation in *inter partes* reexamination proceedings between ACCO and PC Guardian. An information barrier shall be maintained to insure that persons who are not intended to have access to HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information are precluded from accessing that information.

8. **Disclosure Of "Confidential Information"**

a. All individuals to whom "confidential information" is to be disclosed shall be informed of the existence of this Protective Order, shall be provided with a copy thereof, and shall be

Page 8— STIPULATED PROTECTIVE ORDER
    Case No. 04-03526 SI

DM_US:21004106_1

instructed that such matter may not be used other than in connection with this action, and may not be disclosed to anyone or used other than as contemplated by this Order.

b. Before disclosing any document, information, or material designated as "confidential information" to any person identified in Paragraphs 6 and 7 of this Protective Order, each individual, except: (1) the in-house counsel and outside attorneys of record for the parties in this action who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, paralegal assistants, agents, and employees of such an attorney; and (2) court officials involved in this litigation (including any Court appointed personnel or employees), shall acknowledge in writing in the form attached hereto as Exhibit A that he/she has been informed of this Order and that:

    i. the signatory has read and understands this Order and agrees to be bound by its terms in all respects;

    ii. the signatory understands that disclosure of "confidential information," other than as provided in this Protective Order, may constitute contempt of Court; and

    iii. the signatory consents to the exercise of personal jurisdiction by this Court for the purposes of enforcing the Protective Order.

c. It shall be the obligation of the receiving Party and its counsel to obtain and maintain copies of such acknowledgements and to provide such acknowledgements to the opposing Parties' outside attorneys of record within 5 days of the date on which "confidential information" is disclosed to such individual.

9. **Use Of "Confidential Information" In Conduct Of This Action**

a. "Confidential information" may be used by the attorneys of record in good faith in conducting discovery, including depositions, provided that the "confidential information" is protected pursuant to the terms and conditions of this Protective Order.

b. During the course of any deposition, upon any inquiry with regard to the content of a document marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or when counsel for a person (Party or nonparty) deems in good faith that the answer to a question may result in the disclosure of "confidential information" within the meaning of this Order, counsel for the person whose information is involved, at his or her option, in lieu of taking other steps available in such situation, may direct that the transcription of the questions and answers be marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY. When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified in Paragraphs 6-8 of this Protective Order, and the information contained therein shall not be used for any purpose other than as provided in this Order. Counsel for the person whose "confidential information" is involved may also request that all persons

Page 9— STIPULATED PROTECTIVE ORDER
    Case No. 04-03526 SI

DM_US:21004106_1

other than the reporter, counsel, and individuals authorized under Paragraphs 6-8 of this Protective Order leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

c. Notwithstanding the Parties' designation of "confidential information," any court hearing which refers to or describes "confidential information" shall in the Court's discretion be held in open court with records unsealed, unless there is a specific showing under law that confidentiality is required. The disclosing Party has the option to request that the proceeding be conducted *in camera*, out of the presence of all unqualified persons, and that any transcript relating thereto, subject to the Court's approval, be designated as confidential.

d. All information designated as "confidential information" which is filed or lodged with the Court shall be filed o~~r lodged in sealed envelopes on which shall be affixed a copy of the cover page of the document contained therein. The cover page shall include the words CONFIDENTIAL UNDER PROTECTIVE ORDER or HIGHLY CONFIDENTIAL UNDER PROTECTIVE ORDER – ATTORNEY'S EYES ONLY, as appropriate.~~ per Civ. L.R. 79-5.

~~e. If the court clerk shall refuse to lodge or file a sealed pleading or memorandum, the Party attempting to file or lodge the pleading or memorandum shall not be prejudiced from refilling an unsealed version of the pleading or memorandum as soon as reasonably practicable, and seeking to have such pleading or memorandum sealed through a motion. Should a Party fail to file or lodge any such information, in accordance with this Protective Order, any Party who in good faith believes that designation and filing under seal is required may do so within ten (10) days of learning of the defective filing or lodging. Notice of such designation shall be given to all parties.~~

10. **Party's Own Information**

The restrictions on the use of "confidential information" established by this Protective Order are applicable only to the use of "confidential information" received by a Party from another Party or from a nonparty. A Party is free to do whatever it desires with its own "confidential information."

11. **Disclosure To Author, Addressee, Recipient**

Nothing in this Protective Order shall prohibit a Party, or its counsel, from disclosing a document which contains "confidential information" to the person who is an author or addressee of such document, or who received such document during the time period of the occurrences alleged in the pleadings in this action. No person to whom disclosure is made pursuant to this provision shall make or be given a copy of the disclosed document to retain. Such person shall be permitted only to inspect a copy of the disclosed document and prepare handwritten notes; no

Page 10— STIPULATED PROTECTIVE ORDER
    Case No. 04-03526 SI

DM_US:21004106_1

other method of preparing notes is permitted. All notes shall be retained at all times by counsel for the disclosing Party.

12. **Rendering Advice To Clients**

Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering produced or exchanged; provided however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of any "confidential information" produced by another Party or person if that disclosure would be contrary to the terms of this Protective Order. Further, nothing in this Protective Order prevents any outside attorney from advising his or her clients regarding general strategy so long as the attorney does not disclose the contents of any "confidential information" in a manner contrary to the terms of this Protective Order.

13. **No Waiver**

Other than as specified in this Protective Order, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any Party, is or is not entitled to particular protection, or that such information does or does not embody the trade secrets of any Party. The procedures set forth in this Protective Order shall not affect the rights of Parties to object to discovery on grounds other than those related to confidentiality, trade secret, or proprietary information claims, nor shall it relieve a Party from the duty to respond to discovery requests under the Federal Rules of Civil Procedure.

14. **No Probative Value**

a. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any "confidential information."

b. The fact that information is designated "confidential information" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. Provided that a Party complies with the procedures outlined in this Protective Order, this Order shall be without prejudice to the right of any Party to bring before the Court the questions of:
    (a) whether any particular material is or is not confidential;

        (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

        (c) whether any particular information or material is or is not relevant or otherwise admissible under the Federal Rules of Evidence in this case.

        c. Absent a stipulation of all Parties, the fact that documents or information have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY pursuant to this Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any documents or information are disclosed, used, or produced in discovery or trial herein shall not be deemed admissible, nor offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether such information is confidential or proprietary.

Page 12— STIPULATED PROTECTIVE ORDER
       Case No. 04-03526 SI

DM_US:21004106_1

15. **Termination Of Litigation**

Within thirty (30) days of the final disposition of the above-captioned case, whether by Judgment and exhaustion of all appeals, or by settlement, the attorneys of record:

   a. shall destroy or return to the disclosing party, or its attorney of record, the "confidential information" in their possession, custody, or control or in the possession, custody or control of their staff;

   b. shall insure that all the "confidential information" in the possession, custody, or control of their experts is destroyed or returned to the disclosing Party or person, or its attorney of record;

   c. shall destroy all notes, memoranda, or other documents which contain excerpts from any of the "confidential information;" and

   d. shall consent to the Court's destruction of such "confidential information," and if the Court is not willing to destroy such "confidential information," then withdraw form the Court all "confidential information" filed, lodged, or otherwise delivered to the Court under seal pursuant to Paragraph 9 of this Order.

Notwithstanding any of the foregoing, any Party may retain copies of any material filed with the Court.

16. **Enforcement Of This Protective Order**

This Protective Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this action.

17. **Modification Of This Protective Order**

In the event any Party hereto seeks a court order that in any way seeks to vary the terms of this Protective Order, said Party shall make such request in the form of a written stipulation, or noticed motion to all Parties that must be served and filed in accordance with local court rules.

18. **Multiple Copies**

This Protective Order may be executed in multiple counterparts.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: February 4, 2008            _____/s/ Brian A.E. Smith_____
                                    Brian A.E. Smith

DATED: February 4, 2008            _____/s/ Elizabeth Tedesco_____
                                    Elizabeth A. Tedesco

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____       _____/s/ Susan Illston_____
                                    Susan Illston
                                    United States District Court Judge

Page 14— STIPULATED PROTECTIVE ORDER
        Case No. 04-03526 SI

DM_US:21004106_1

1  HENRY C. BUNSOW (State Bar No. 60707)
   bunsowh@howrey.com
2  K.T. CHERIAN (State Bar No. 133967)
   cheriank@howrey.com
3  BRIAN A.E. SMITH (State Bar No. 188147)
   smithbrian@howrey.com
4  HOWREY LLP
5  525 Market Street, Suite 3600
   San Francisco, CA 94105
6  Telephone: (415) 848-4900
7  Facsimile:   (415) 848 4999

8  Attorneys for Plaintiff
   ACCO BRANDS, INC. d/b/a
9  KENSINGTON TECHNOLOGY GROUP

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCO BRANDS, INC., d/b/a<br>KENSINGTON TECHNOLOGY GROUP,<br><br>    Plaintiff,<br><br>    vs.<br><br>PC GUARDIAN ANTI-THEFT PRODUCTS,<br>INC. and FELLOWES, INC.,<br><br>    Defendants. | Case No. CV 04-03526 SI<br><br>**DECLARATION REGARDING RECEIPT<br>OF CONFIDENTIAL INFORMATION**<br><br>The Honorable Susan Illston |

I, _____, declare as follows:

1. I have read the attached Protective Order regarding "confidential information" entered in this matter and under its contents. I agree to obey by its terms in all respects.

HOWREY LLP

DECLARATION REGARDING RECEIPT OF CONFIDENTIAL INFORMATION
EXHIBIT A

DM_US:20997141_1

2. I understand that unauthorized disclosure of documents and information designated as CONFIDENTIAL or CONTIENTIAL – ATTORNEY'S EYES ONLY may constitute contempt of Court.

3. I consent to the exercise of personal jurisdiction by the United States District Court for the Northern District of California for the purposes of enforcing the Protective Order, including without limitation, any contempt of court proceeding.

4. I affirm that (circle one): [I am] [I am not] otherwise employed in any capacity by any of the parties (including their affiliates, predecessors-in-interest, or successors-in-interest or their respective counsel.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

DATED:

_____
Signature

_____
Name

_____
Company

_____
Street Address

_____
City/State/Zip

_____
Phone Number