IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ACCO BRANDS, INC. d/b/a KENSINGTON TECHNOLOGY GROUP,

    Plaintiff,

v.

PC GUARDIAN ANTI-THEFT PRODUCTS, INC., et al.,

    Defendants.

                                     /

No. C 04-03526 SI

**ORDER RE: ORAL ARGUMENT**

Defendants have filed a motion for summary judgment of non-infringement of U.S. Patent No. 6,553,794, and plaintiff has filed a cross-motion for summary judgment of infringement; both motions are scheduled for hearing on March 14, 2008.

The Court is of the preliminary view that genuine issues of material fact regarding whether the flanged tab of the accused products is a "pin" and whether defendants induced infringement prevent summary adjudication of those issues.

However, the Court also preliminarily finds that it can adjudicate in plaintiff's favor the question whether, in the accused product, the flanged tab maintains the locked configuration by keeping the locking member (the hook arm) in a locked position relative to the security slot. Although defendants argue that the '794 patent requires the pin to "keep the locking member in a locked position," the '794 patent does not actually say that. That requirement is found in the '989 patent, but the '794 patent, by contrast, requires the pin to "maintain the locked configuration." The Court has construed this requirement as "keeping the locking member in a locked position *relative to the security slot*." This

means that the pin must keep the locking member secured in the security slot without slipping out once it is in its locked position; it is of no consequence whether the pin – or the cam -- keeps the locking member itself in a locked position. Defendants have acknowledged that the flanged tab does prevent the entire device from coming loose and falling out of the security slot by keeping the hook arm engaged with the wall of the security slot, and thus in its locked position relative to the security slot; *see, e.g.*, Defendants' Motion for Summary Judgment at 16, lns 5-6; Defendants' Reply at 6, lns. 24-25; Smith Decl. ex. C at ¶¶ 4, 8; Smith Decl. ex. D at 64, lns. 6-9. As a result, the Court does not believe that there are any issues of material fact on this question that need to be decided by a jury. The Court directs the parties to focus their discussions on this question at oral argument.

**IT IS SO ORDERED.**

Dated: March 12, 2008

SUSAN ILLSTON
United States District Judge