IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCO BRANDS, INC. d/b/a KENSINGTON TECHNOLOGY GROUP,<br><br>            Plaintiff,<br><br>   v.<br><br>PC GUARDIAN ANTI-THEFT PRODUCTS, INC., et al.,<br><br>            Defendants.                                          / | No. C 04-03526 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' FINAL INVALIDITY CONTENTIONS** |

Plaintiff has filed a motion to strike defendants' Final Invalidity Contentions. The motion is scheduled for hearing on April 7, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion to strike, without prejudice to defendant filing a motion for leave to amend.

In May 2005, defendant PC Guardian served its Preliminary Invalidity Contentions. On January 19, 2006, the Court stayed the present litigation for a little over a year. In November 2007, after the litigation had re-commenced, defendant contacted plaintiff regarding defendant's intention to move for leave to amend its Preliminary Invalidity Contentions, pursuant to Patent Local Rule 3-7. It is uncontested that on December 4, 2007, plaintiff asked defendant to withhold its motion for leave until plaintiff sent a letter confirming that it planned to oppose the motion. That letter did not arrive until December 21, 2007. In the meantime, this Court issued its claim construction ruling on December 5, 2007. Defendant apparently believed that because the Court had made a claim construction ruling,

1 defendant should not seek leave to amend its Preliminary Invalidity Contentions under Patent Local
2 Rule 3-7 but rather should proceed under Patent Local Rule 3-6(b)(2), which permits a party to serve
3 Final Invalidity Contentions without leave of court within 50 days after a claim construction ruling, if
4 the party "believes in good faith that the Court's Claim Construction Ruling so requires." Accordingly,
5 on January 9, 2008, defendant served as Final Invalidity Contentions the same invalidity contentions
6 it had wanted to seek leave to serve in November 2007.

7 Plaintiff now moves to strike these Final Invalidity Contentions, arguing that they cannot
8 possibly meet the requirements of Patent Local Rule 3-6 because the contentions were identical to the
9 contentions defendant intended to file prior to the Court's claim construction ruling. Although the Court
10 does not agree with plaintiff that defendant's reliance on prior invalidity contentions would necessarily
11 prevent a good faith belief that the Court's claim construction ruling required it to file amendments to
12 its Preliminary Invalidity Contentions, the Court agrees that it was inappropriate for defendant to serve
13 Final Invalidity Contentions. Defendant has proffered no explanation as to why the Court's claim
14 construction ruling required amendments to defendant's invalidity contentions, particularly given
15 defendant's focus on its discovery of prior art computers that feature a "3mm x 7mm" slot. Instead, the
16 proper course would have been for defendant to file its motion for leave to amend its invalidity
17 contentions, as it had intended to do in November 2007. If defendant wishes, it may file such a motion
18 promptly, provided that the current pretrial schedule will accommodate the effort. The Court urges the
19 parties to meet and confer in an attempt to come to an agreement regarding which amendments
20 defendant will make. For all of these reasons, the Court GRANTS plaintiff's motion to strike the Final
21 Invalidity Contentions [Docket No. 128], though defendant may move for leave to amend its
22 Preliminary Invalidity Contentions.

**IT IS SO ORDERED.**

Dated: April 1, 2008

SUSAN ILLSTON
United States District Judge