**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCO BRANDS, INC., d/b/a KENSINGTON TECHNOLOGY GROUP, <br><br> Plaintiff, <br><br> v. <br><br> PC GUARDIAN ANTI-THEFT PRODUCTS, INC., and FELLOWES, INC., <br><br> Defendants. / | No. C 04-03526 SI <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS** |

Defendants have filed a motion for leave to amend their preliminary invalidity contentions. The motion is scheduled for hearing on May 23, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS defendants' motion.

**BACKGROUND**[1]

In May 2005, defendants PC Guardian and Fellowes served their Preliminary Invalidity Contentions. On January 19, 2006, the Court stayed the present litigation for a little over a year. In November 2007, after the litigation had re-commenced, defendants contacted plaintiff regarding defendants' intention to move for leave to amend their Preliminary Invalidity Contentions, pursuant to Patent Local Rule 3-7. It is uncontested that on December 4, 2007, plaintiff asked defendants to

---

[1] The facts of this case are described in greater detail in the Court's March 19, 2008 Order (Docket No. 137).

withhold their motion for leave until plaintiff sent a letter confirming that it planned to oppose the motion. That letter did not arrive until December 21, 2007. In the meantime, this Court issued its claim construction ruling on December 5, 2007. Defendants apparently believed that because the Court had made a claim construction ruling, defendants should not seek leave to amend their Preliminary Invalidity Contentions under Patent Local Rule 3-7, but rather should proceed under Patent Local Rule 3-6(b)(2), which permits a party to serve Final Invalidity Contentions without leave of court within 50 days after a claim construction ruling, if the party "believes in good faith that the Court's Claim Construction Ruling so requires." Accordingly, on January 9, 2008, defendants served as Final Invalidity Contentions the same invalidity contentions they had wanted leave to serve in November 2007. Plaintiff then moved to strike these Final Invalidity Contentions. In its April 1, 2008 Order, the Court granted the motion to strike and noted that the proper course would be for defendants to file a motion for leave to amend their Preliminary Invalidity Contentions. That motion is now before the Court.

**LEGAL STANDARD**

The Patent Local Rules provide, in pertinent part: "Amendment or modification of the . . . Preliminary or Final Invalidity Contentions, . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." Patent L.R. 3-7. "The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). In determining whether a motion for leave to amend invalidity contentions should be granted, this Court has examined such factors as the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, the difficulty of locating the prior art, and whether the opposing party will be prejudiced by the amendment. *See Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, *2-3 (N.D. Cal. May 17, 2007).

"Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts

2

is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). The patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n.12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

**DISCUSSION**

Defendants seek leave to amend their Preliminary Invalidity Contentions to include prior art that defendants claim became relevant only recently, after defendants discovered "three Apple computers, each having differently sized generally rectangular security slots and all constituting prior art to U.S. Patent No. 6,553,794 . . . and of the locking devices that engaged those slots." Defendants' Motion at 2. Defendants claim that the discovery of these Apple computers from the late 1980's – one of which, the Macintosh Portable, has a security slot measuring "about 3mm x 7mm" while the others "evidence the trend of security slots becoming progressively smaller," Defendants' Reply at 2 – prompted defendants to add as prior art 14 patents that, standing alone, would not render plaintiff's patent invalid, but which would raise serious invalidity questions when combined with the three Apple computers. Defendants' argument in favor of amending their Preliminary Invalidity Contentions thus relies primarily on the recent discovery of the Apple computers and the attendant difficulties defendants had locating the computers and measuring their security slots.

The Court would prefer to decide this case on the merits, and finds that defendants are able to demonstrate good cause to amend their Preliminary Invalidity Contentions because defendants have been sufficiently diligent in bringing the new invalidity contentions to the attention of plaintiff and the Court. Although plaintiff has submitted evidence that a PC Guardian engineer may have been familiar with one of the computers on which defendants now rely, and may have designed anti-theft products for use in that computer in the late 1980's, *see* Harkins Decl. at ex. A,[2] defendants have submitted a

---

[2] After defendants filed their reply brief, plaintiff moved to file, *inter alia*, the transcript of Reyes' deposition, which took place on May 14, 2008, as supplemental material in opposition to the leave to amend. The Court GRANTS plaintiff's motion to file supplemental material.

3

declaration stating that defendants have never sold an anti-theft product for use with the portable Apple computer having a security slot of "about 3mm x 7mm," *see* Laurenson Decl. at ¶ 2. Morever, the deposition testimony of the PC Guardian employee indicates that he was less than certain about which Apple computers he had worked with in the late 1980's.

The Court finds that this new information about the size of the slot on the portable computer has the potential to be highly relevant to the validity of plaintiff's patent, and that there is no indication that gamesmanship was involved in defendants' decision to wait until November 2007 to reveal their invalidity contentions. The Court understands that defendants reasonably may have waited until after the stay was lifted to pursue this area of inquiry. The Court also notes that plaintiff has not suggested that it would suffer any prejudice as a result of the filing of amended invalidity contentions, and the Court will consider a motion by plaintiff to extend discovery if plaintiff requires additional time to conduct discovery related to defendants' new invalidity contentions. For these reasons, defendants' motion for leave to amend their Preliminary Invalidity Contentions is GRANTED.

## CONCLUSION

For all of the foregoing reasons, the Court hereby GRANTS defendants' motion for leave to amend [Docket No. 150].

**IT IS SO ORDERED.**

Dated: May 22, 2008

SUSAN ILLSTON
United States District Judge