IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCO BRANDS, INC., d/b/a KENSINGTON TECHNOLOGY GROUP,<br><br>Plaintiff,<br><br>v.<br><br>PC GUARDIAN ANTI-THEFT PRODUCTS, INC. and FELLOWES, INC.,<br><br>Defendants.     / | No. C 04-03526 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER** |

Defendants have filed a motion for leave to file a first amended answer. The motion is scheduled for hearing on August 29, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS defendants' motion.

**BACKGROUND**

Plaintiff, ACCO Brands, Inc., d/b/a Kensington Technology Group ("Kensington"), is the owner of a patent, U.S. Patent Nos 6,553,794 ("the '794 patent"), that claims a method for attaching a lock to a portable computer. Defendants, PC Guardian Anti-Theft Products, Inc., and Fellowes, Inc., are the makers of the Notebook Guardian line of locks for laptop computers, which plaintiff claims infringe the '794 patent. The '794 patent claims, among other things:

    1. A locking method for a portable electronic device, comprising the steps of:

        engaging a generally rectangular security slot, having dimensions of about 3 mm

x 7 mm, defined in a wall of the portable electronic device with a moveable locking member;
    moving said locking member to a locked position relative to said security slot to configure said locking member in a locked configuration; and
    maintaining said locked configuration by use of a pin proximate said locking member;
    wherein said pin extends into said security slot.

It is undisputed that plaintiff authorizes computer manufacturers to include on their computers 3 mm by 7 mm security slots, which are known as "Kensington slots." Computers with these slots are sold to customers by computer manufacturers. Plaintiff then sells computer locks that fit into the "Kensington slots" to people who buy computers with the slots already included. As a result, defendants believe that the doctrine of patent exhaustion may apply to preclude plaintiff from invoking patent law to control use of its "Kensington slots" after they have been sold with plaintiff's authorization. For this reason, defendants now move for leave to file a first amended answer.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("We have stated that this policy is to be applied with extreme liberality.") (internal quotation marks omitted). Rule 15 embodies a strong federal policy in favor of deciding cases on their merits. Thus, leave to amend is freely given unless the opposing party can establish a factor such as "undue delay, bad faith or dilatory motive on the part of the moving party, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Owens*, 244 F.3d at 712 ("In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'") (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

"[T]he nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986). "The single most important factor is whether prejudice would result to the nonmovant." *Id.* (citing cases). "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory

2

maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Id.* (quoting *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981)).

**DISCUSSION**

Defendants seek leave to file a first amended answer to assert new affirmative defenses and counterclaims pursuant to the patent exhaustion doctrine, which the Supreme Court recently applied to method patents. *See Quanta Computer, Inc. v. LG Elecs., Inc.*, 128 S. Ct. 2109 (2008). Defendants argue that their motion should be granted because plaintiff is unable to show that the amendment would be futile, that prejudice would result, or that defendants have unduly delayed the motion or have brought it in bad faith. Plaintiff does not contend that there is any evidence of prejudice, delay, or bad faith, and the Court agrees that these factors are inapplicable here. Instead, plaintiff's opposition to the motion focuses solely on the futility of such amendment, arguing that defendants cannot succeed on their patent exhaustion defenses because the doctrine does not apply to the '794 patent. For the following reasons, the Court finds that plaintiff's argument is not sufficient to overcome the liberal federal policy in favor of allowing amendment.

The Ninth Circuit has explained that an amendment is futile only where "it appears beyond doubt" that the moving party can "'prove no set of facts in support of [their] claim[s] which would entitle [them] to relief.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (alterations in original); *see also Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997). Alternatively, the Ninth Circuit has also stated that futility may be found where it is inevitable that a claim will be defeated on summary judgment. *Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

The doctrine of patent exhaustion applies where an item that "substantially embodies a patent" is sold with the patent holder's authorization; when it applies, the doctrine "exhausts the patent holder's rights and prevents the patent holder from invoking patent law to control postsale use of the article." *Quanta*, 128 S. Ct. at 2122. Substantial embodiment will be found where the item has no reasonable non-infringing use and includes all essential, or inventive, aspects of the patent claims. *Id.* at 2119, 2122. Plaintiff argues that defendants' amendments are futile because the exhaustion doctrine does not

3

apply to the facts of this case. Plaintiff's argument is that the 3 mm by 7 mm "Kensington slot" does not substantially embody the '794 patent because the patent contains other essential or inventive aspects, namely the locking mechanism that fits into the Kensington slot, discussed in greater detail in the Court's March 19, 2008 Order regarding summary judgment. Defendants, however, have demonstrated that there remain genuine questions as to whether the slot substantially embodies the '794 patent, arguing, for instance, that the slot was the critical element of the '794 patent that distinguished it from the prior art. The Court is skeptical of defendants' theory, but whether defendants ultimately are able to succeed on their patent exhaustion theory is a question for another day. At this stage of the litigation plaintiff has not shown that it is "beyond doubt," *DCD Programs*, 833 F.2d at 188, that defendants' proposed amendments would be defeated on their merits.

## CONCLUSION

For all of the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion for leave to file a first amended answer [Docket No. 190].

**IT IS SO ORDERED.**

Dated: August 21, 2008

SUSAN ILLSTON
United States District Judge