IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCO BRANDS, INC. d/b/a KENSINGTON TECHNOLOGY GROUP,<br><br>            Plaintiff,<br>   v.<br><br>PC GUARDIAN ANTI-THEFT PRODUCTS, INC. and FELLOWES, INC.<br><br>            Defendants.<br>_____/ | No. C 04-03526 SI<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS ANTITRUST COUNTERCLAIM WITHOUT PREJUDICE [Docket No. 261]** |

Defendant PC Guardian has filed a motion for leave to dismiss its antitrust counterclaim without prejudice. The motion is scheduled for hearing on December 19, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing and the case management conference scheduled for the same day. Having considered the papers submitted, and for good cause shown, the Court rules as follows.

On September 12, 2008, plaintiff filed a motion for summary judgment on, *inter alia*, PC Guardian's counterclaim for violation of the Sherman Act. [Docket No. 250] On September 26, 2008, rather than putting forward evidence in support of its counterclaim, PC Guardian filed the instant motion, in which it seeks leave to dismiss its Sherman Act claim without prejudice. [Docket No. 261] PC Guardian argues that the counterclaim should be dismissed without prejudice because it is "not now ripe for adjudication." Def. Mot. to Dismiss, at 2. PC Guardian's claim is based on its assertion that plaintiff has attempted to "corner the computer security lock market" using fraudulently obtained patents, including the '794 patent (at issue in this case) and the '125 and '403 patents (at issue in an ongoing case in Illinois). *See id.* PC Guardian seeks to dismiss without prejudice now so that if it

prevails in this lawsuit and in the Illinois case, it can refile the claim at a later date "to recover for the damages associated with these unfair lawsuits" brought by plaintiff. *Id.*

Plaintiff opposes the motion, arguing that PC Guardian's counterclaim should be adjudicated in plaintiff's favor and dismissed with prejudice. The Court agrees. It should have been apparent to PC Guardian when it filed the Sherman Act counterclaim that this issue could not be adjudicated in this proceeding. PC Guardian provides no authority for its contention that it can avoid its burden on summary judgment by filing a motion to dismiss without prejudice. PC Guardian's citation to *Kinzli v. City of Santa Cruz*, 818 F.2d 1449, 1457 (9th Cir. 1987), is inapposite; that case holds that the trial court reached the wrong conclusion in its ripeness analysis and therefore should have dismissed a claim for lack of jurisdiction rather than granting summary judgment. The Court finds that PC Guardian has failed to meet its burden on summary judgment because it has not designated "specific facts showing that there is a genuine issue for trial" on its Sherman Act counterclaim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)).

Accordingly, PC Guardian's counterclaim under the Sherman Act is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: 12/5/08

SUSAN ILLSTON
United States District Judge