

**EAGAN O'MALLEY & AVENATTI** LLP

MICHAEL J. AVENATTI, ESQ.
450 Newport Center Dr., 2nd Floor
Newport Beach, CA 92660
mavenatti@eoalaw.com
T: (949) 706 7000
F: (949) 706 7050

February 26, 2009

**VIA ELECTRONIC FILING**

Honorable Susan Illston
United States District Court
450 Golden Gate Avenue, Ctrm 10
San Francisco, CA 94102

    RE:    <u>ACCO Brands, Inc. v. PC Guardian Anti-Theft Products, Inc.</u>
             USDC Case No. C 04-03526 SI

Dear Judge Illston:

    By way of this letter, I am pleased to report that the parties have resolved this matter short of trial.

    In accordance with the settlement and in an effort to finalize the settlement agreement, the parties have agreed to have the enclosed Agreed Consent Judgment Orders entered in this matter. Accordingly, the parties respectfully request that the Court review the enclosed Orders and enter same at the Court's earliest possible convenience.

    Thank you in advance for your assistance and consideration. In the event the Court has any questions or concerns, please do not hesitate to contact the undersigned. I know that I speak on behalf of all counsel when I state that it was a pleasure litigating this matter before Your Honor.

                              Respectfully submitted,

                              Michael J. Avenatti
                              Eagan O'Malley & Avenatti, LLP

MJA:jkr

cc:    Elizabeth A. Tedesco, Esq.

encls:  As Stated

Michael J. Avenatti (State Bar No. 206929)
EAGAN O'MALLEY & AVENATTI, LLP
450 Newport Center Drive, 2nd Floor
Newport Beach, CA 92660

Attorneys for Plaintiff ACCO BRANDS, INC.

John M. McCormack (State Bar No. 143194)
Peter E. Heuser (State Bar No. 111600)
Elizabeth A. Tedesco (State Bar No. 221162)
KOLISCH HARTWELL, P.C.
260 Sheridan Avenue, Suite 200
Palo Alto, California 94306
Telephone: (650) 325-8673
Facsimile: (650) 325-5076

Attorneys for Defendants
PC GUARDIAN ANTI-THEFT PRODUCTS, INC. and FELLOWES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ACCO BRANDS, INC. d/b/a KENSINGTON TECHNOLOGY GROUP,<br><br>Plaintiff,<br>v.<br><br>PC GUARDIAN ANTI-THEFT PRODUCTS, INC. and FELLOWES, INC.,<br><br>Defendants. | No. 04-03526 SI<br><br>**AGREED CONSENT JUDGMENT ORDER AGAINST FELLOWES, INC.** |

**THIS MATTER COMING ON TO BE HEARD** upon the Complaint of Plaintiff ACCO Brands USA LLC fka ACCO Brands, Inc. ("ACCO") against the Defendant

Page 1— AGREED CONSENT JUDGMENT ORDER AGAINST FELLOWES, INC.; Case No. 04-03526 SI

FELLOWES, Inc. ("Fellowes") (each a "Party"), and the Stipulation of the Parties hereto, **THE COURT BEING FULLY ADVISED IN THE PREMISES, HEREBY FINDS BASED ON THE STIPULATION OF THE PARTIES, AND IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

    1. Plaintiff ACCO is a limited liability company organized under the laws of the State of Delaware, and having a principal place of business at 300 Tower Parkway, Lincolnshire, Illinois 60069.

    2. Defendant Fellowes is organized under the laws of the State of Illinois, and has a principal place of business at 1789 Norwood Avenue, Itasca, Illinois 60143.

    3. This is a civil action for patent infringement arising under the United States Patent Statutes, 35 U.S.C. § 1 *et. seq.*

    4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

    5. FELLOWES consents to this Court's personal jurisdiction.

    6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

    7. ACCO is the assignee and owner of United States Patent No. 6.553.794 ("the '794 Patent"), entitled "Computer Physical Security Device," to Murray, Jr., *et al.*

    8. ACCO's '794 Patent is valid and enforceable.

    9. FELLOWES is no longer making, using, offering to sell, and/or selling within the United States the computer security locks that allegedly infringe (either directly or

contributorily) one or more claims of the '794 Patents, namely Fellowes Product Nos. 99431, 99432, 99435, 99436, and 99437 (hereinafter collectively the "Accused Fellowes Products").

10. FELLOWES no longer maintains any inventory of any computer security lock that allegedly infringes one or more claims of the '794 Patent.

11. FELLOWES and its officers, agents, servants, and employees, and those persons in active concert or participation with FELLOWES, who receive actual or constructive notice of this Order as specified in Fed. R. Civ. P. 65(d), are hereby permanently enjoined from making, using, selling, or offering for sale, from actively inducing others to make, use, sell, offer for sale, and/or from contributing to the making, using, selling, or offering for sale of the Accused Fellowes Products or colorable imitations thereof, except that end users who have purchased such products as of the date of this Order shall be allowed to continue using the products. This injunction shall expire without further action by the Court (a) upon the expiration of the '794 Patent, to the extent of such expiration or (b) upon the final judgment by any court of competent jurisdiction, or determination by the U.S. Patent and Trademark Office, and the exhaustion or expiration of all appeals, that the asserted claims of the '794 Patent (*i.e.*, claims 1, 4, 5, 7 and 9) are invalid or unenforceable.

12. Except as expressly set forth in this Consent Judgment Order, nothing in the Consent Judgment Order shall limit, abridge, prejudice, or foreclose any claims and/or rights and/or obligations of any Party.

13. The Parties agree to waive their rights to appeal this Consent Judgment Order on any grounds.

14. This Consent Judgment Order is a final order disposing of all issues in this action between ACCO and Fellowes, and all claims and counterclaims between ACCO and Fellowes are dismissed with prejudice.

15. No accounting is ordered and no damages are awarded to either of the parties as a result of the claims and counterclaims.

16. This Court retains exclusive jurisdiction and venue over this action solely to enforce the terms of this Consent Judgment Order and the terms of the Settlement Agreement between the parties.

17. Each Party shall bear its own attorneys' fees and costs.

Dated this 26th day of February, 2009

**IT IS SO STIPULATED:**

By: /s/
Elizabeth A. Tedesco
KOLISCH HARTWELL, P.C.
Counsel for Defendant Fellowes, Inc.

By: /s/
Michael J. Avenatti
EAGAN O'MALLEY & AVENATTI, LLP
Counsel for Plaintiff ACCO Brands, Inc.

**IT IS SO ORDERED.**

DATED this _____ day of _____, 2009

_____
Honorable Susan Illston
United States District Court Judge

Page 4— AGREED CONSENT JUDGMENT ORDER AGAINST FELLOWES, INC.; Case No. 04-03526 SI

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

ACCO BRANDS USA LLC fna ACCO )
BRANDS, INC. d/b/a KENSINGTON )
TECHNOLOGY GROUP )
　)
　　　Plaintiff, )
　)
vs. )
　)
PC GUARDIAN ANTI-THEFT ) Civ. Action No. C 04-03526 SI
PRODUCTS, INC. & FELLOWES, INC. )
　　　Defendants. ) Hon. Judge Susan Illston
　)
　)
　)
　)
　)
　)
　)
　)
　)

## AGREED CONSENT JUDGMENT ORDER AGAINST PCG, INC.

**THIS MATTER COMING ON TO BE HEARD** upon the Complaint of Plaintiff ACCO Brands USA, LLC fna ACCO Brands, Inc. d/b/a Kensington Technology Group ("ACCO") against the Defendant PC Guardian Anti-Theft Products, Inc. ("PCG") (each a "Party"), and the Stipulation of the Parties hereto, **THE COURT BEING FULLY ADVISED IN THE PREMISES, HEREBY FINDS BASED ON THE STIPULATION OF THE PARTIES, AND IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

　　　1.　　　Plaintiff ACCO is a limited liability company organized under the laws of the State of Delaware, and having a principal place of business at 300 Tower Parkway, Lincolnshire, Illinois 60069.

2.	Defendant PCG is organized under the laws of the State of Delaware, and has a principal place of business at 2171 East Francisco Boulevard, Suite G, San Rafael, California 94901.

3.	This is a civil action for patent infringement arising under the United States Patent Statutes, 35 U.S.C. § 1 *et. seq.*

4.	This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5.	PCG consents to this Court's personal jurisdiction.

6.	Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

7.	ACCO is the assignee and owner of United States Patent No. 6.553.794 ("the '794 Patent"), entitled "Computer Physical Security Device," to Murray, Jr., *et al.*

9.	ACCO's '794 Patent is valid and enforceable.

10.	PCG has directly and contributorily infringed one or more claims of the '794 Patent, by making, using, offering to sell, and/or selling within the United States certain computer security locks.

11.	From and after the Effective Date (as defined below), without the prior written consent of ACCO (which consent can be sent by e-mail), PCG shall not make, use, offer to sell, and/or sell within the United States such computer security locks that infringe one or more claims of the '794 Patents, except (a) to fulfill open customer purchase orders that exist as of the Effective Date and (b) for a period of fifteen (15) days immediately following the Effective Date, sales by Ingram Micro Inc. and Ingram Canada from inventory being held on consignment for PCG as of the Effective Date. As used in this Consent Judgment Order, "Effective Date" means 11:59 p.m. Pacific Time on the date on which the last of the Related Consent Judgment Orders is approved by the respective court having jurisdiction over such Related Consent Judgment Order.

2

"Related Consent Judgment Orders" means the following consent judgment orders: (i) this Consent Judgment Order, (ii) a separate consent judgment order between ACCO and Fellowes, Inc. with regard to the lawsuit covered by this Consent Judgment Order, entered into on or about the date hereof, and (iii) a separate consent judgment order between the Parties with regard to a separate lawsuit in the United States District Court for the Northern District of Illinois, entered into on the date hereof.

12. No later than ninety (90) days after the Effective Date, PCG will no longer maintain any inventory of any computer security lock that infringes one or more claims of the '794 Patent (other than raw materials and Warranty Replacement Inventory (as defined below), but including all works in progress, goods in transit and finished goods). "Warranty Replacement Inventory" means those products separately identified by PCG to ACCO in writing on the date hereof. Notwithstanding anything to the contrary in this Consent Judgment Order, for a period of eighteen (18) months following the Effective Date, PCG shall be permitted to retain the Warranty Replacement Inventory and transfer (but not for any consideration) items of Warranty Replacement Inventory solely to fulfill any warranty obligations with respect to products previously sold by PCG.

13. PCG and its officers, agents, servants, and employees, and those persons in active concert or participation with PCG, who receive actual or constructive notice of this Order as specified in Fed. R. Civ. P. 65(d), are hereby permanently enjoined from making, using, selling, or offering for sale, from actively inducing others to make, use, sell, offer for sale, and/or from contributing to the making, using, selling, or offering for sale of the patented invention as claimed in the '794 Patent, except (i) as expressly permitted by Sections 11 and 12 above, (ii) end users who have purchased PCG computer security locks, as of the Effective Date or thereafter as permitted by Section 11, or who have received such locks from

3

Warranty Replacement Inventory, shall be allowed to continue use of such locks and (ii) distributors and resellers that have title to inventory of PCG computer security locks as of the Effective Date shall be allowed to continue to sell and offer for sale such locks. This injunction shall expire without further action by the Court upon the expiration of the '794 Patent, to the extent of such expiration.

14. Except as expressly set forth in this Consent Judgment Order, nothing in the Consent Judgment Order shall limit, abridge, prejudice, or foreclose any claims and/or rights and/or obligations of any Party.

15. The Parties agree to waive their rights to appeal this Consent Judgment Order on any grounds.

16. This Consent Judgment Order is a final order disposing of all issues in this action between ACCO and PCG, and all claims and counterclaims between ACCO and PCG are dismissed with prejudice.

17. No accounting is ordered and no damages are awarded to either of the parties as a result of the claims and counterclaims.

18. This Court retains exclusive jurisdiction and venue over this action solely to enforce the terms of this Consent Judgment Order.

19. Each Party shall bear its own attorneys' fees and costs.

Dated this 26th day of February, 2009

**IT IS SO STIPULATED:**

By: ____/s/_____
    (Cal. Bar No. 221162)
    Elizabeth A. Tedesco
    Kolisch Hartwell, P.C.
    *Counsel for Defendant P.C. Guardian*
    *Anti-Theft Products, Inc.*

By: ____/s/_____
    (California Bar No. 206929 )
    Michael J. Avenatti
    Eagan O'Malley & Avenatti, LLP

450 Newport Center Drive, 2nd Floor

Newport Beach, CA 92660*Counsel for*
*Plaintiff ACCO Brands USA LLC*

**ENTERED:**

Dated this __3rd__ day of __March__, 2009

By: ____/s/ Susan Illston_____
    Honorable Judge Susan Y. Illston
    United States District Court
    Northern District of California

5